1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   REEMA M. EL-AMAMY (Cal. SBN: 237743)
4  Assistant United States Attorney
   Violent and Organized Crime Section
5  MICHAEL DORE (Cal. Bar No. 227442)
   Assistant United States Attorney
6  Violent and Organized Crime Section
        312 North Spring Street, Suite 1500
7       Los Angeles, California 90012
        Telephone:  (213) 894-0552
8       Facsimile:  (213) 894-3713
        Email: Reema.El-Amamy@usdoj.gov

10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 10-00351-ODW-7 |
|---|---|
| Plaintiff, | ) GOVERNMENT'S POSITION RE: SENTENCING OF DEFENDANT CARLOS RIVERA |
| v. | |
| CARLOS RIVERA, | |
| Defendant. | |

Plaintiff, by and through its attorney of record, the United States Attorney for the Central District of California, hereby files its position regarding sentencing of defendant Carlos Rivera.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

The government's position is based upon the attached Position, the files and records in this case, and upon such further evidence and argument as may be presented at the sentencing hearing.

DATED: February 25, 2013         Respectfully submitted,

ANDRÉ BIROTTE JR.
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


By_____/s/_____
REEMA M. EL-AMAMY
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

**GOVERNMENT'S POSITION RE: SENTENCING**

On December 12, 2012, defendant Rivera ("defendant"), was convicted on Counts One, Two, Five, Six, Ten, and Twenty-Three of the Thirty-Count Indictment. Count One charges 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy. Count Two charges 18 U.S.C. § 1962(c): Racketeer Influenced and Corrupt Organizations. Count Five charges 21 U.S.C. § 846: Conspiracy to Distribute and to Possess with Intent to Distribute at least 50 Grams of Actual Methamphetamine. Count Six charges 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C): Distribution of Methamphetamine. Count Ten charges 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii): Possess with Intent to Distribute Methamphetamine. Count Twenty-Three charges 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition.

Defendant Rivera is a member of the Black Angels gang. See PSR at ¶ 81. As a member of the Black Angels gang, defendant Rivera distributed methamphetamine and possessed a firearm. Id. On July 22, 2009, defendant Rivera, who was a convicted felon and on parole, obtained a loaded firearm, and attempted to flee from law enforcement officers when the officers apprehended defendant Rivera with the firearm. Id. at ¶ 82. On July 31, 2009, defendant Rivera sold approximately 4.4 grams of actual methamphetamine to narcotics customers in Ontario, California. Id. at ¶ 84. On August 6, 2009, defendant Rivera and co-defendant Medina possessed approximately 219 grams of actual methamphetamine to distribute to narcotics customers in Ontario, California. Id. at ¶¶ 85-86.

**A.  GUIDELINE CALCULATION**

The United States Probation Office ("USPO") prepared the Presentence Report ("PSR"), which was disclosed to the parties on February 11, 2013.  The PSR calculates the following Sentencing Guideline Range:

| | |
|---|---|
| Base Offense Level: | 34 |
| Multiple Count Adjustment: | 0 |
| Criminal History Category: | IV |
| Guideline Range: | 210-262 months |
| Supervised Release: | 2-5 yrs [Counts 1, 2] |
| | 5 yrs man. min. [Counts 5, 10] |
| | 3 yrs man. min. [Count 6] |
| | 1-3 yrs [Count 23] |
| Fine: | $17,500 - $175,000 |
| Special Assessment: | $600 |

The government concurs with the guideline range calculated by the USPO.

**B.  PROBATION OFFICER'S RECOMMENDATION**

The USPO recommended a sentence of 180 months incarceration, with a term of 180 months on Counts One, Two, Five, Six, and Ten, and 120 months on Count Twenty-Three, with all such terms to be served concurrently.  The USPO recommends that the defendant pay a special assessment of $600, and that defendant be placed on supervised release for five years on Counts One, Two, Five, Six, and Ten, and three years on Count Twenty-Three, with all such terms to run concurrently.  The USPO determined that the defendant is unable to pay a fine.  <u>See</u> USPO Rec. Letter at 1.  The USPO recommended a below-guideline sentence as the 180 month

sentence "is sufficient to reflect the seriousness of the offense, serve the need for punishment and provide deterrence."

**C.   GOVERNMENT'S SENTENCING RECOMMENDATION**

The government concurs with the USPO's recommendation regarding the fine, special assessment, and period of supervised release.  However, the government recommends a sentence at the low-end of the applicable guideline range, namely, a sentence of 210 months.[1]

Defendant Rivera elected to proceed to trial, while many of his co-defendants pled guilty.  The government disagrees with the USPO's assessment that a sentence of 180 months would not create a disparity with similarly situated defendants who accepted responsibility and pled guilty.  See Disc. Rec. Letter at 4.  In particular, the government notes that defendant Hurtado, who was one of the first members of the Black Angels gang to plead guilty, was sentenced to 165 months imprisonment on Count One of the Indictment.  See PSR at ¶ 12.  As described above, defendant Rivera possessed a loaded firearm, as well as methamphetamine on multiple occasions, including an instance where defendant possessed approximately four ounces of methamphetamine to distribute.  Moreover, unlike defendant Hurtado, defendant Rivera has not accepted responsibility.  Yet the USPO has recommended a sentence only 15 months higher than defendant Hurtado's setence for defendant Rivera.  The government believes that such a sentence would create a disparity, and urges the Court to impose a sentence within the calculated guideline range.

---

[1] The Court must impose a mandatory minimum sentence of 120 months on Counts Five and Ten of the Indictment.

The government believes that a substantial sentence is warranted due to the seriousness of defendant's crimes. Defendant Rivera possessed a large amount of methamphetamine for further distribution, and, prior to that date, had previously acquired a firearm and sold methamphetamine to two narcotics customers. At the time of the offense, defendant Rivera was an active member of the Black Angels gang, and he and co-defendant Medina conducted narcotics activity at the home where their minor children resided.

Defendant Rivera also appears to have little respect for the law. In 2005, defendant Rivera possessed a shotgun and ran from law enforcement officers. See PSR at ¶¶ 130-132. Defendant Rivera received a probationary sentence for this conduct. Id. In 2007, defendant Rivera, who had outstanding warrants, ran from law enforcement officers. Id. at ¶¶ 133-135. Defendant Rivera received a probationary sentence for this conduct. Id. In 2008, defendant Rivera was convicted for Assault With a Deadly Weapon, and received a two-year prison sentence. Id. at ¶¶ 136-137. Defendant then engaged in the instant conduct while he was on parole, and on the heels of his 2008 criminal conviction. Id. Defendant also had numerous other law enforcement contacts between 2003-2007. Id. at ¶¶ 140-146. Defendant has demonstrated that he poses a danger to the community. He has demonstrated repeated disrespect for the law and an unwillingness to abide by the conditions of his release. He has not yet been deterred from committing further crimes.

Based on the foregoing, the government respectfully requests and recommends that the Court sentence defendant to 210 months

imprisonment, five years supervised release, and a special assessment of $600.  This sentence takes into consideration the 18 U.S.C. § 3553(a) factors, and is not greater than necessary to achieve those goals.  It reflects the very serious nature of the offense, promotes respect for the law, provides just punishment for a serious offense, and affords adequate deterrence to defendant's conduct in a manner that a lower sentence would not.