ANGEL NAVARRO (State Bar No. 155702)
E-mail: angel_navarro@me.com
Attorney at Law
The Petroleum Building
714 W. Olympic Blvd., Suite 450
Los Angeles, California  90015
Telephone (213) 744-0216
Facsimile (213) 746-4435

Attorneys for Defendant
CARLOS RIVERA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 10-00351-ODW-7 |
| Plaintiff, | DEFENDANT'S POSITION RE: SENTENCING; |
| v. | Hearing Date: March 11, 2013 |
| CARLOS RIVERA, | Hearing Time: 10:00 a.m. |
| Defendant. | |

Defendant, Carlos Rivera, by and through his counsel of record, Angel Navarro, Attorney at Law, hereby submits his position paper with respect to the upcoming sentencing hearing.

                                                   Respectfully submitted,

DATED: March 5, 2013          By_____/s/_____
                                 ANGEL NAVARRO
                                 Attorney at Law

# I

# INTRODUCTION

Carlos Rivera will be appearing before the Court following a jury trial wherein Mr. Rivera was convicted of numerous charges associated with the Black Angels street gang RICO case. Mr. Rivera was originally arrested on June 2, 2010. Mr. Rivera has been in continuos custody since that date. Mr. Rivera will be appearing for sentencing on March 11, 2013.

# II

# DEFENDANT'S POSITION

Federal sentencing requires that the Court consider sentencing factors enumerated in 18 U.S.C. 3553(a). These statutory provisions require that the Court impose a sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing. In addition, the Court has some sentencing discretion as a result of case law that has interpreted <u>United States v. Booker</u>.

**The 3553 Factors:**

Prior to imposing a sentence, the Court must consider the factors set forth in 18 U.S.C. 3553(a)(2). These factors include:

(1) The need for the sentence imposed to reflect the seriousness of the crime; to promote respect for the law, and to provide a just punishment for the crime in question;

(2) The need for the sentence imposed to provide adequate deterrence to criminal conduct;

(3) The need for the sentence imposed to protect the public from further crimes of the defendant; and

(4) The need for sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, in choosing the appropriate sentence in accordance with the 3553(a)(2) factors, the Court is required to take into consideration: the nature and circumstances of the offense; the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available by statute; the Sentencing Guidelines and any policy statements; the need to avoid sentencing disparities; and restitution issues. (The 3553(a)1) factors).

**The Seriousness of Crime, Promoting Respect for the Law, and Providing a Just Punishment:**

Mr. Rivera would be the first to admit that this was a very serious matter. Mr. Rivera has never denied that he was a member of the Black Angels. During the trial it was self-evident that Mr. Rivera was a member of the gang and that he was involved in the gang's activities. At the same, it also appears from the available evidence that Mr. Rivera's primary motivation for being involved in

criminal behavior was to provide for his family.  He clearly understands that by deciding to break the law, there would be consequences associated with his behavior.  As this Court is obviously aware, narcotics trafficking and narcotics abuse are two of the more challenging obstacles facing law enforcement.  In addition, drug abuse has consequences which affect nearly all aspects of American society.  Courts must make sure that narcotics traffickers be punished for their illegal activities.

   This Court must balance the aforementioned societal interests with a fair and just sentence.  In the case of Mr. Rivera, this Court must determine just how much jail time is a fair and just punishment for the crime committed.  Mr. Rivera clearly understands that he must be punished for his actions.  He only asks that this Court be fair when it comes to imposing the ultimate penalty.

**General and Specific Deterrence:**

   This Court has to consider both general and specific deterrence in a case of this nature.  General deterrence dictates that the Court fashion a sentence which the public can look to.  In addition, the Court must impose a sentence which takes into account Mr. Rivera and deters him from further criminal activity.  Mr. Rivera is aware that this Court will impose a custodial sentence of no less than ten years in federal prison.  The sentence imposed in this case will be the longest sentence ever received by Mr. Rivera.  Mr. Rivera clearly understands that he must not be involved in criminal behavior.

**Nature and Circumstances of the Offense:**

The government's investigation of the Black Angels street gang has been on-going for a number of years. It appears that the government had been investigating this gang for almost ten years by the time that Mr. Rivera was first intercepted over one of the monitored telephone lines in this case. Mr. Rivera was ultimately intercepted making small drug sales, purchasing a firearm, and he was ultimately intercepted with a larger amount of narcotics. Mr. Rivera was a target of this federal investigation for a very short period of time. Mr. Rivera was apparently involved in criminal activity for a period of time between mid-July 2009 and early August 2009.

As set forth in the pre-sentence report (PSR), Mr. Rivera was involved in obtaining a firearm on July 22, 2009, and with distribution of narcotics on July 31, and August 6, 2009. After the August 6, 2009, incident, Mr. Rivera was arrested and charged with a parole violation. Mr. Rivera was subsequently released from state custody and was arrested federally in June of 2010.

**History and Characteristics of Carlos Rivera:**

Carlos Rivera was born and raised in southern California. As noted in the PSR, Mr. Rivera was raised primarily by his mother. It also appears from the PSR that Mr. Rivera was introduced to gangs at a very early age. The PSR indicates that two of Mr. Rivera's older siblings were sent away to prison prior to Mr. Rivera's

eighteenth birthday.  Unfortunately, Mr. Rivera followed in the footsteps of at least one of his siblings.  Mr. Rivera has also enjoyed the support of a surrogate mother in Mrs. Velia Prieto. Mrs. Prieto is the mother of co-defendant Raul Prito. Mrs. Prieto has been a very positive influence in Mr. Rivera's life. Mrs. Prieto has submitted a letter of support which is being filed separately.

**Purposes of Sentencing:**

This Court must take this very important factor into consideration prior to the imposition of sentencing.  Some of the important purposes of sentencing have been previously mentioned in this filing and include deterrence, protecting the public and providing a just sentence.  Criminal defendants and society as a whole must understand that criminal behavior cannot be tolerated. In addition, the Court must make sure that individuals be deterred from criminal behavior.   In the case of Mr. Rivera, he clearly understands that the decisions that he made were wrong.  He also recognizes that he must be held accountable for his behavior.

**The Kinds of Sentences Available:**

This Court has some discretion when it comes to sentencing in this case.  This Court must impose a jail sentence of no less than ten years in federal prison.
/
/

6

**Sentencing Guidelines and Policy Statements:**

    In this case, the PSR had determined that the advisory Guideline Range should be as follows:
(1) base offense level:                 34

    In addition, the PSR indicates that Mr. Rivera should be placed in Criminal History category V. The corresponding sentencing range is 210-262 months in custody.

**The Need to Avoid Sentencing Disparity:**

    This is a 50-defendant case. A number of Mr. Rivera's co-defendants have been sentenced. The Court has imposed sentences which range from a low of 12 months to a high of 169 months. In the case of Mr. Rivera, this Court is required to impose a prison term of no less than 120 months in prison.

**Restitution Issues:**

    Restitution does not appear to be an issue in the case of Mr Rivera.
/
/
/
/
/
/

7

**What Sentence Should This Court Impose?**

    Carlos Rivera respectfully requests that this Court impose a prison term of 144 months. Mr. Rivera also requests that this Court recommend that Mr. Rivera be allowed to participate in the Bureau of Prisons (BOP) 500-hour drug program. Finally, Mr. Rivera requests that this Court recommend to the BOP that Mr. Rivera serve his sentence in a facility in California to allow for Mr. Rivera's family to be able to visit him while he is in custody.

                                      Respectfully submitted,

DATED: March 5, 2013        By      /s/
                                            ANGEL NAVARRO
                                            Attorney at Law

PROOF OF SERVICE

    I, the undersigned, declare that I am a resident or employed in Los Angeles County, California; that my business address is The Petroleum Building, 714 W. Olympic Blvd., Suite 450, Los Angeles, California 90015; that I am over the age of eighteen years; that I am not a party to the above-entitled action; and that I served the Defendant's Position Re: Sentencing.

    On March 5, 2013, following ordinary business practice, service was:

[ ] Placed in a closed envelope, for collection and hand delivery by our internal staff, addressed as follows:

[ ] By hand-hand-delivery addressed as follows:

[ ] Placed in a sealed envelope for collection and mailing via United States Mail, as follows:

[ ] By facsimile as follows:

[x] By e-mail as follows:

Robert Leoning
United States Probation Officer
312 N. Spring Street, 6th Floor
Los Angeles, CA 90012

    This proof of service is executed at Los Angeles, California, on March 5, 2013.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge

                                       /s/
                               Angel Navarro
                               Attorney At Law