1          UNITED STATES DISTRICT COURT

2      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3            HONORABLE OTIS D. WRIGHT

4         UNITED STATES DISTRICT JUDGE PRESIDING

5                    - - -

6
United States of America,         )
7                     PLAINTIFF,   )
                                   )
8   VS.                            )   NO. CR 10-351 ODW
                                   )
9   Carlos Rivera, Jessica Medina, Raul)
    Prieto,                        )
10                    DEFENDANT,   )
    _____)

11

12

13

14         REPORTER'S TRANSCRIPT OF PROCEEDINGS

15            LOS ANGELES, CALIFORNIA

16             JURY TRIAL - DAY SIX

17         WEDNESDAY, DECEMBER 12, 2012

18

19

20    _____

21         KATIE E. THIBODEAUX, CSR 9858
           U.S. Official Court Reporter
22         312 North Spring Street, #436
           Los Angeles, California 90012
23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    APPEARANCES OF COUNSEL:

2

3    FOR PLAINTIFF:

4         U.S. DEPARTMENT OF JUSTICE
          U.S. ATTORNEY'S OFFICE
5         BY: REEMA EL-AMAMY, AUSA
          -and- MICHAEL DORE, AUSA
6         312 North Spring Street
          Twelfth Floor
7         Los Angeles, CA  90012

8

9    FOR DEFENDANT RIVERA:

10        ANGEL NAVARRO LAW OFFICE
          BY:  ANGEL NAVARRO
11        714 West Olympic Boulevard
          Suite 450
12        Los Angeles, CA  90015

13

14

15   FOR DEFENDANT MEDINA:

16        JOSEPH F. WALSH LAW OFFICES
          BY:  JOSEPH F. WALSH
17        205 South Broadway
          Suite 606
18        Los Angeles, CA  90012

19

20   FOR DEFENDANT PRIETO:

21        CEPHAS LAW FIRM
          BY:  DANA CEPHAS
22        72960 Fred Waring Drive
          Palm Desert, CA  92260
23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1        LOS ANGELES, CALIFORNIA; WEDNESDAY, DECEMBER 12, 2012

 2                          1:40 P.M.

 3                          - - - - -

 4

 5        (The following proceedings were held at sidebar

 6         outside the presence of the jury:)

 7        MR. CEPHAS:  We have identified an error in the

 8    transcription of one of these, and it is one of the ones

 9    that they want read back and it was the words supposed to

10    be regular cats.

11        MR. NAVARRO:  And it says cuts.

12        MR. CEPHAS:  Right.  And there is no dispute that

13    is what was said, but they are going to be following it

14    and the copy they have doesn't have the correction on it.

15        MR. NAVARRO:  We wanted to make sure they

16    understand these two lines actually say regular cats.

17        THE COURT:  Does everybody agree to that?

18        MS. EL-AMAMY:  Yes.  I brought that out on direct.

19        MR. DORE:  If we are directing everyone's

20    attention to it, that sort of suggests that either way

21    the transcript is in the evidence.  So one alternative is

22    just to remind them this what they hear is the evidence

23    because otherwise we are focusing on the word which is

24    effectively argumentative.  I mean, it was on the record

25    during the trial that that was addressed, and if they are
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

 1  told --

 2       MR. NAVARRO:  It is only the error we are trying

 3  to correct.  Nothing else.

 4       MR. CEPHAS:  It is a simple transcription error.

 5  If they weren't going to read the transcript along with

 6  it, I wouldn't have a problem.  But they are now reading

 7  it back, and they may not remember.

 8       MS. EL-AMAMY:  We could just not show them the

 9  transcript.

10       THE COURT:  No.  No.  There is an instruction.

11  Okay.  What you hear controls.  And I will tell them

12  again, but to call attention to something is not a good

13  idea.

14       MR. NAVARRO:  Even though it is an error.

15       THE COURT:  It doesn't matter.  That is what the

16  instruction is for.  If what you hear is different from

17  the transcript, what you hear controls.  That is why we

18  have the instruction.

19       MR. CEPHAS:  The problem here, your Honor, is

20  because we were getting transcripts late in the game, and

21  this is one of the reasons why we had tried to get an

22  order requiring them to give the transcripts months ago

23  so we would have a chance to listen to them and correct

24  the transcripts so there wouldn't be any errors like

25  this.  And so they have a transcript that we all know is

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    wrong.  We all agree is wrong.  They have asked to hear

2    that recording --

3         THE COURT:  I just want to see if I hear something

4    that changes the fundamental premise upon which that

5    instruction was created.  There is an error?

6         MR. CEPHAS:  My point here, your Honor, if I had

7    had the transcript in time and reviewed it and pointed it

8    out to the government, we wouldn't -- they would have

9    changed it.  And if they didn't change it, we would have

10   come before the court and filed a motion and asked them

11   to change it.  And I think it would have been changed,

12   but I think they would have agreed to change it.

13        So all I am saying is I think the jury should

14   know -- I think the word should be changed.  If nothing

15   else, you could ask the jury to leave for five minutes.

16   We can pick up all their books, line it out, put in the

17   right words.  They won't know that we had done that.

18        THE COURT:  No.  I am not going to emphasize any

19   particular part of this transcript.  If you want, I will

20   give the other instruction, repeat that instruction that

21   if the transcript differs from what you hear, what you

22   hear controls.

23        MR. CEPHAS:  Alternatively, could I then renew the

24   request that they not be permitted to review that

25   transcript, they just listen to it because --

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1          THE COURT:  If you all agree, I don't care.

 2          MS. EL-AMAMY:  I am fine.

 3          THE COURT:  All right.  Done.  Done.  Then

 4   collect, if you wish, if that is how you want to do it.

 5          MS. EL-AMAMY:  We can just instruct them not to

 6   look at it.

 7          THE COURT:  And, listen, well, you guys decide,

 8   look at them.  Make sure there is nobody sitting there

 9   reading.  Let me know.

10          MR. CEPHAS:  Thank you.

11          (The following proceedings were held in the

12          presence of the jury:)

13          THE COURT:  Okay.  We are back on the record.

14          THE COURT:  Calling Item 1, CR 10-351, United

15   States of America versus Carlos Rivera and Jessica

16   Medina.

17              Counsel, may I have your appearances, please.

18          MS. EL-AMAMY:  Good afternoon, Reena El-Amamy and

19   Michael Dore on behalf of the United States.

20          MR. WALSH:  Afternoon, your Honor.  Joseph Walsh

21   with Jessica Medina who is present.

22          THE COURT:  Afternoon.

23          MR. CEPHAS:  Dana Cephas with Raul Prieto who is

24   present.

25          MR. NAVARRO:  Your Honor, good afternoon.  Angel
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    Navarro present with Carlos Rivera who is seated to my

2    left.

3         THE COURT:  Afternoon.  All right.  And in the

4    presence of the jury.

5             We have received a question from the jury.

6             We received a question from the jury

7    requesting to once again hear Exhibits 85 and 89.  So we

8    are now convened in court with all parties present for

9    the purpose of reviewing Exhibit 85, 89 and 148 as well

10   as 77.  Which is the exhibit that we were just

11   discussing?

12        MS. EL-AMAMY:  It is Exhibit 77, your Honor.

13        THE COURT:  77.  All right.  Ladies and

14   gentlemen -- and you are going to identify the exhibit

15   before it is played; correct?

16        MS. EL-AMAMY:  Yes, your Honor.  And the parties

17   have agreed that 77B which has the English or the Spanish

18   only should be shown -- the Spanish translation with the

19   English redacted out should be shown to the jury.  I

20   think all the parties agree that the 77B which they have

21   can be read but not the 77A.

22        THE COURT:  All right.

23        THE COURT:  So when we get to Exhibit 77, ladies

24   and gentlemen, do not refer to the transcript designated

25   77A.  All right.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1      I would like to put you on your honor.

2  Otherwise, we are going to have to collect them, but it

3  is important you don't refer to them all right.  Good.

4      While they are doing that, ladies and

5  gentlemen, one additional instruction which the lawyers

6  have agreed upon that I should instruct you on now.

7      As I instructed you before the start of your

8  deliberations, it is your duty to weigh and to evaluate

9  all the evidence received in the case and in that process

10  to decide the facts.  You should not place undue emphasis

11  on any one piece of evidence including the video and

12  audio played for you today and during the trial.

13      MR. DORE:  Your Honor, may I begin playing the

14  recordings?

15      THE COURT:  Please.

16      MR. DORE:  This is Government's Exhibit 85 which

17  is found in Volume II of the binders that the jury has

18  the transcripts for which are located at Exhibit 85A.

19      (Tape played.)

20      MR. DORE:  I apologize, your Honor.  It seemed

21  that there might have been some confusion with the jury,

22  and I certainly didn't want to be the one to figure out

23  what it was.  So my understanding is that we had received

24  two jury notes, the first of which had requested us to

25  hear -- the jury requested to hear Exhibit 85 and Exhibit

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1   89.  Specifically, it said 85B which is the Spanish

2   language translation as the exhibit.  The recording is 85

3   and 89B.  And I was going to start playing 85 and it

4   seemed like the jury was confused by that.

5        THE COURT:  All right.

6             I don't know any other way but to send you

7   back and have you redraft your request.  If indeed you

8   are seeking the Spanish version, we would like to know

9   that quite clearly, but your note is quite clear.  You

10  wish to hear 85B, 89B, 148B and 77B.  Correct me if I am

11  wrong.  These are all Spanish translations, the B's?

12       MR. DORE:  Those specific exhibits are the Spanish

13  language translations of recordings that are marked as

14  85, 89, 148 and 177.

15       THE COURT:  I don't know what that means.  Does

16  that mean that you took something in Spanish and

17  translated it into English or the other way around?

18       MR. DORE:  Your Honor, for some of these

19  recordings, and I apologize just trying to read the tea

20  leaves.

21       THE COURT:  We are not going to do that.

22       MR. DORE:  No.  85 does not have any Spanish at

23  all, and I think the confusion may have been that they

24  requested an exhibit that isn't the audio recording

25  because the audio recording is 85 opposed to 85B.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

 1                    So my understanding is the jury can look at

 2     all the corresponding transcripts for Exhibit 85, 89 and

 3     148.  Specifically, they can look at the A transcripts in

 4     their binders.  It is just for 77 that rather than

 5     looking at the A, they should be looking at the B

 6     pursuant to the discussion that we had with the court

 7     earlier.

 8                    And so that was my understanding and what I

 9     intended to do, and I just wanted to make sure that

10     everybody is on the same page, the parties as well as the

11     court.

12          THE COURT:  Well, they have made a specific

13     request to hear Exhibit 77B which you cannot do.  It is a

14     transcript; correct?

15          MR. DORE:  That's correct.

16          THE COURT:  All right.  Let's do this.  Ladies and

17     gentlemen, I want you to go back and put it in plain

18     English specifically what it is you want.  Don't use

19     these designations because there is a certain precision

20     in that, and if you get it wrong as maybe has happened

21     here, there is confusion.  So in plain English, tell us

22     what it is you want.  Okay.

23                    All right.

24          (The following proceedings were held outside the

25            presence of the jury:)

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1          MS. EL-AMAMY:  Given their express request to see

2     the corresponding English transcript, the government is

3     willing to tell them that just making the cuts that

4     transcript should read regular cats.  So they have the

5     benefit of reading the other six pages of this thing

6     instead of sitting here listening to it.

7          THE COURT:  Whatever you guys will stipulate to,

8     that is fine.

9          (The following proceedings were held in the

10          presence of the jury:)

11         THE COURT:  All right.  We have clarification now

12    from the jury contained in Jury Note No. 3 that they

13    would like to hear the audio recordings of Exhibits 85,

14    89, 77 and 148 as well as to be able to review the

15    corresponding English transcripts.

16              Mr. Dore, you have something to say that will

17    provide some guidance to the ladies and gentlemen of the

18    jury regarding an error in one of the transcripts?

19         MR. DORE:  That's correct, your Honor.  The

20    transcript for Exhibit 77, the English language version

21    which is Exhibit 77A on Page 4 of 7, where the transcript

22    says making the cuts.  The parties had agreed that the

23    transcript at that point should say regular cats.

24              And so with that, your Honor, we think the

25    jury should be able to read the corresponding English

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1   language transcript for that exhibit as well as the

2   others based on that clarification.

3           THE COURT:  All right.  Excellent.  So you are

4   going to begin playing them now and advising the jurors

5   as to exactly which exhibit you are on.

6           MR. DORE:  Yes, your Honor.  The first exhibit I

7   will be playing is Exhibit 85, the transcript of which is

8   found at Exhibit 85A in Volume II of the binders that the

9   jurors have at their feet in the jury box.  If I may give

10  them just a moment so they can get to that portion of the

11  transcript.

12          I am now going to begin playing Exhibit 85.

13          (Tape played.)

14          MR. DORE:  Your Honor, I am now going to play the

15  disk marked as Government Exhibit 89, the corresponding

16  English language transcript of which is found at Exhibit

17  89A in Volume II of the binders that the jury has at

18  their feet.

19          (Tape played.)

20          MR. DORE:  Your Honor, the next disk I am going to

21  play is what has been marked as Government's Exhibit 77.

22  If I may ask the court CRD to hand out the last two pages

23  of the corresponding transcripts which are not in the

24  juror's binders.  These are Pages 6 and 7 of 7 in Exhibit

25  77A.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1        (Tape played.)

 2        MR. DORE:  Your Honor, the next exhibit is Exhibit

 3   148, corresponding English language transcript of which

 4   is Exhibit 148A.  That one is in Volume 4 of the binders

 5   at the feet of the jury in the the jury box.

 6        (Tape played.)

 7        MR. DORE:  Your Honor, that concludes Exhibit 148.

 8            We have now played all four of the exhibits

 9   requested by the jury.

10        (Recess from 2:22 to 3:49 p.m.)

11        (The following proceedings were held in the

12         presence of the jury:)

13        THE COURT:  All right.  Ladies and gentlemen, I

14   understand that you have reached a unanimous verdict with

15   respect to one count and one defendant upon which you

16   could not reach a verdict.

17            Who is the foreperson?  Mr. Jordan, is that

18   correct, sir?

19        THE JUROR:  Yes.

20        THE COURT:  All right.  Would you please hand

21   Ms. English the special verdict forms.

22        THE JUROR:  He told us not to bring anything out.

23   We haven't even filled them out.  Oh.  Yeah, we did.  I'm

24   sorry.  They are in there.  I'm sorry.  It is in the

25   folder.  Yes, ma'am.  Sorry about that.
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1     THE COURT:  Let me ask you a question while we are

2  waiting.  I saw from your note that you had indicated

3  that you had been deliberating on this one count for a

4  period of five hours and were unable to reach a verdict.

5         My question is do you believe that any further

6  deliberations on your part or the reading of any further

7  instructions would help you break the impasse and reach a

8  unanimous verdict?

9     THE JUROR:  No, I don't.  No.

10    THE COURT:  Is that a feeling that is held by the

11  remainder of the jury?  Just by shakes or nods of the

12  head.

13        Everyone appears to be nodding that no further

14  deliberations will be fruitful.  All right.  Thank you.

15        Does any of the attorneys wish the Allen

16  charge?  I won't even look over that side of the room.

17    MR. DORE:  No, your Honor.

18    THE COURT:  All right.  Thank you.

19    (Pause in proceedings.)

20    THE COURT:  I need to see counsel.

21    (The following proceedings were held at sidebar

22     outside the presence of the jury:)

23    THE COURT:  You wanted to have included on there a

24  lesser included of straight possession?

25    MR. WALSH:  Yes, sir.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1          THE COURT:  What happens if there is no answer to

 2   the question on straight possession, but there is on the

 3   greater offense?

 4          MR. WALSH:  If it is guilty of the greater

 5   offense, then they don't proceed to it.

 6          THE COURT:  That's right.  Okay.  All right.  Then

 7   they did it right.  Thank you.

 8          (The following proceedings were held in the

 9           presence of the jury:)

10          THE COURT:  Okay.  It is my understanding,

11   Mr. Jordan, that it was only with respect to one count,

12   one defendant that the jury has unable to reach a

13   unanimous verdict; is that correct?

14          THE JUROR:  That is correct.  We were not able to

15   reach a verdict on one of the counts on one defendant.

16          THE COURT:  Okay.  Because I have yet a second

17   defendant where there is nothing mentioned.  There has

18   been a failure to complete the form.  I don't know if it

19   is an oversight, but it is a different defendant.

20          THE JUROR:  Then there is an oversight.  Just the

21   one count on the one defendant.

22          THE COURT:  Okay.  I will put that one on top.  I

23   will let you go back to the jury room and I will tell you

24   which one it is so that you aren't looking all over the

25   place.  Page 3.  It is on top.  All right.  We have
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1   marked it.  I am not suggesting anything.  I am simply

2   saying it is incomplete.

3        (The jurors returned to the jury room.)

4        (The following proceedings were held in the

5         presence of the jury:)

6        THE COURT:  All right.  This time I will ask the

7   clerk to read the verdicts on all three defendants.

8        THE CLERK:  United States District Court for the

9   Central District of California, United States of America

10  versus Carlos Rivera, CR No. 10-351-ODW.

11        Defendant No. 7.  Count 1, racketeering

12  conspiracy, 18 U.S.C. Section 1962, parenthesis, small D,

13  we, the jury, unanimously find defendant Carlos Rivera

14  guilty as charged in Count 1 of the indictment.

15        Count 2, substantive RICO offenses, 18 U.S.C.,

16  Section 1962, parenthesis, small C, we, the jury,

17  unanimously find beyond a reasonable doubt that defendant

18  Carlos Rivera committed at least two of the following

19  racketeering acts:  Racketeering Act No. 1, proven.

20  Racketeering Act No. 6, proven, Racketeering Act No. 7,

21  proven.  We, the jury, unanimously find defendant Carlos

22  Rivera guilty as charged in Count 2 of the indictment.

23        Count 5, drug conspiracy, 21 U.S.C., Section

24  846, we, the jury, unanimously find defendant Carlos

25  Rivera guilty.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1          Do you unanimously find that defendant Carlos

2   Rivera conspired to distribute methamphetamine?  Yes.

3          No. 6, we, the jury, unanimously find beyond a

4   reasonable doubt that defendant Carlos Rivera's

5   conspiracy to distribute methamphetamine involved at

6   least 500-grams of a mixture or substance containing a

7   detectable amount of methamphetamine or at least 50-grams

8   of actual methamphetamine.

9          Count 6, methamphetamine distribution, 21

10  U.S.C., Sections 841, parenthesis, little A, parenthesis

11  1 and 841 parenthesis, small B, parenthesis 1,

12  parenthesis, capital C.

13         Number 7, we the jury unanimously find

14  defendant Carlos Rivera guilty as charged in Count 6 of

15  the indictment.

16         Count 10, possession with intent to distribute

17  methamphetamine, 21 U.S.C., Sections 841, parenthesis,

18  small A, parenthesis, 1 and 841, parenthesis, small B,

19  parenthesis, 1, parenthesis, capital A, parenthesis,

20  small V, 111.

21         8, we, the jury, unanimously find defendant

22  Carlos Rivera guilty as charged in Count 10 of the

23  indictment.

24         Number 9, we, the jury, unanimously find

25  beyond a reasonable doubt that defendant Carlos Rivera

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    possessed with intent to distribute at least 500-grams of

2    a mixture or substance containing a detectable amount of

3    methamphetamine or at least 50-grams of actual

4    methamphetamine.

5            Count 23, felon in possession of a firearm and

6    ammunition, 18 U.S.C., Section 922, parenthesis, small G,

7    parenthesis, 1.

8            11, we, the jury, unanimously, find defendant

9    Carlos Rivera guilty as charged in Count 23 of the

10   indictment.

11           United States District Court for the Central

12   District of California, United States of America versus

13   Raul Prieto, Criminal No. 10-351-ODW, Defendant No. 29.

14           Count 1, racketeering conspiracy, 18 U.S.C.,

15   Section 1962, parenthesis, small D, unable to reach a

16   unanimous verdict.

17           Count 5, drug conspiracy, 21 U.S.C., Section

18   846.

19           No. 2, we, the jury, unanimously find

20   defendant Raul Prieto guilty as charged in Count 5 of the

21   indictment.

22           No. 3, do you unanimously find that defendant

23   Raul Prieto conspired to distribute methamphetamine?

24   Yes.

25           No. 4, we, the jury, unanimously find beyond a

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    reasonable doubt that defendant Raul Prieto's conspiracy

2    to distribute methamphetamine involved at least 50-grams

3    of a mixture or substance containing a detectable amount

4    of methamphetamine or at least 5-grams of actual

5    methamphetamine.

6              United States District Court for the Central

7    District of California, United States of America versus

8    Jessica Medina, Criminal No. 10-351-ODW, Defendant No.

9    27.

10             Count 1, racketeering conspiracy, 18 U.S.C.,

11   Section 1962, parenthesis, small D, 1.  We, the jury,

12   unanimously find defendant Jessica Medina guilty as

13   charged in Count 1 of the indictment.

14             Count 2, substantive RICO offenses.  18

15   U.S.C., Section 1962, parenthesis, small C.

16             2, we, the jury, unanimously find defendant

17   Jessica Medina committed at least two of the following

18   racketeering acts:  Racketeering Act No. 1, proven.

19   Racketeering Act No. 7, proven.

20             No. 3, we, the jury, unanimously find

21   defendant Jessica Medina guilty as charged in Count 2 of

22   the indictment.

23             Count 5, drug conspiracy, 21 U.S.C., Section

24   846.  No. 4, we, the jury, unanimously find defendant

25   Jessica Medina guilty as charged in Count 5 of the

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    indictment.

2            No. 5, do you unanimously find that defendant

3    Jessica Medina conspired to distribute methamphetamine?

4    Yes.

5            No. 6, we the jury unanimously find beyond a

6    reasonable doubt that defendant Jessica Medina's

7    conspiracy to distribute methamphetamine involved at

8    least 500-grams of a mixture or substance containing a

9    detectable amount of methamphetamine or at least 50-grams

10   of actual methamphetamine.

11           Count 10, possession with intent to distribute

12   methamphetamine, 21 U.S.C., Sections 841, parenthesis,

13   small A, parenthesis 1 and 841, parenthesis, small B,

14   parenthesis 1, parenthesis, capital A, parenthesis V,

15   III, all small letters.

16           No. 7, we, the jury, unanimously find

17   defendant Jessica Medina guilty as charged in Count 10 of

18   the indictment.

19           No. 8, we, the jury, unanimously find beyond a

20   reasonable doubt that defendant Jessica Medina possessed

21   with intent to distribute at least 500-grams of a mixture

22   or substance containing a detectable amount of

23   methamphetamine or at least 50-grams of actual

24   methamphetamine.

25           THE COURT:  I haven't been asked, but I am going

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    to poll the jury.

2             Ladies and gentlemen of the jury, I am going

3    to ask you individually to either confirm or deny that

4    that indeed as read is your verdict.

5             Mr. Alvarez, Juror No. 1?

6        THE JUROR:  Yes.

7        THE COURT:  Juror No. 2, Ms. Spence?

8        THE JUROR:  Yes.

9        THE COURT:  Juror No. 3, Ms. Davis?

10       THE JUROR:  Yes.

11       THE COURT:  Juror No. 4, Ms. Gilbert?

12       THE JUROR:  Yes.

13       THE COURT:  Juror No. 5, Mr. Langley?

14       THE JUROR:  Yes.

15       THE COURT:  Juror No. 6, Mr. Jordan?

16       THE JUROR:  Yes.

17       THE COURT:  Juror No. 7, Mr. Wang?

18       THE JUROR:  Yes.

19       THE COURT:  Juror No. 8, Ms. Cohen?

20       THE JUROR:  Yes.

21       THE COURT:  Juror No. 9, Mr. Zanon?

22       THE JUROR:  Yes.

23       THE COURT:  Juror No. 10, Ms. Benedict?

24       THE JUROR:  Yes.

25       THE COURT:  Juror No. 11, Mr. Rodriguez?

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1          THE JUROR:  Yes.

 2          THE COURT:  And Juror No. 12, Mr. Cruz?

 3          THE JUROR:  Yes.

 4          THE COURT:  All right.  Thank you all.

 5               Ladies and gentlemen, this concludes and

 6  completes your service on the jury in this case with the

 7  thanks of the court and of the attorneys involved.  We

 8  greatly appreciate your willingness to serve and your

 9  participation and the diligence that you obviously

10  exercised in returning a verdict.  Thank you.

11      (The following proceedings were held outside the

12          presence of the jury:)

13          THE COURT:  All right.  Sentencing in this matter

14  will take place on March 11, 2013, 10:00 a.m., this

15  courtroom.

16               Any conflicts from any of the attorneys?

17          MS. EL-AMAMY:  No, your Honor.

18          MR. WALSH:  No, your Honor.

19          THE COURT:  Defense attorneys?  All right.

20  Excellent.

21               Mr. Rivera, you will remain in custody pending

22  sentencing.

23               Ms. Medina and Mr. Prieto, you two will remain

24  free on bond under the same terms and conditions.

25               At the time of sentencing be prepared to go
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1   into custody.  Do not bring an infant to court for

2   sentencing.  All right.  Okay.  Anything else from the

3   government?

4           MS. EL-AMAMY:  No, your Honor.

5           THE COURT:  Mr. Walsh?

6           MR. WALSH:  Yes, your Honor.  There is a rule of

7   procedure that gives us only 14 days to file post trial

8   motions unless we get relief from the court and the court

9   grants an extension.  I have talked with co-counsel, and

10  we would ask the court if you would extend the time for

11  filing of any post trial motions by the defense to

12  January 28th.  And then we will set them for the date of

13  sentencing.

14          THE COURT:  I don't mind extending it, but why

15  that long?  I understand the holidays.  I do.

16          MR. CEPHAS:  Just to give us time to review the

17  transcripts.

18          THE COURT:  You have been reviewing the

19  transcripts every day.  Now, if you make a reasonable

20  request, I will grant it.  If you get ridiculous.

21          MR. CEPHAS:  Well, I wanted -- the week before, I

22  believe is the holiday, the Martin Luther King holiday.

23          THE COURT:  In March?

24          MR. CEPHAS:  Talking about the filing date.

25          THE COURT:  All right.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1          And, of course, you want to be back in DC for

2     the inauguration.  I understand.  Go ahead.

3          MR. CEPHAS:  So we are just picking a day.

4     January 14th?

5          THE COURT:  Okay.  Done.

6          MR. CEPHAS:  Thank you, your Honor.

7          MR. WALSH:  Thank you, your Honor.

8          THE COURT:  Anything anyone?  Mr. Navarro?

9          MR. NAVARRO:  No.  Thank you, your Honor.  That is

10    fine.

11          Your Honor, I'm sorry.  I have one request.

12    Could my client remain at MDC?  He hasn't held his

13    children since he got arrested.

14          THE COURT:  I don't care.  That is fine with me.

15          MR. NAVARRO:  Can you make the recommendation?

16          THE COURT:  You know they don't listen to me.

17          (Proceedings concluded.)

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1                        CERTIFICATE

 2

 3

 4    I hereby certify that pursuant to Section 753, Title 28,

 5    United States Code, the foregoing is a true and correct

 6    transcript of the stenographically reported proceedings held

 7    in the above-entitled matter and that the transcript page

 8    format is in conformance with the regulations of the

 9    Judicial Conference of the United States.

10    Date:  June 14, 2013

11

12     /s/ Katie Thibodeaux, CSR No. 9858, RPR, CRR

13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA