1          UNITED STATES DISTRICT COURT

2     CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3           HONORABLE OTIS D. WRIGHT

4       UNITED STATES DISTRICT JUDGE PRESIDING

5                  - - -

6
United States of America,        )
7                   PLAINTIFF,    )
                                  )
8  VS.                            )  NO. CR 10-351 ODW
                                  )
9  Carlos Rivera, Jessica Medina, Raul)
Prieto,                           )
10                  DEFENDANT,    )
_____)

11

12

13

14       REPORTER'S TRANSCRIPT OF PROCEEDINGS

15          LOS ANGELES, CALIFORNIA

16         MONDAY, OCTOBER 17, 2012

17

18

19    _____

20       KATIE E. THIBODEAUX, CSR 9858
         U.S. Official Court Reporter
21       312 North Spring Street, #436
         Los Angeles, California 90012

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1   APPEARANCES OF COUNSEL:

 2   FOR PLAINTIFF:

 3        U.S. DEPARTMENT OF JUSTICE
          U.S. ATTORNEY'S OFFICE
 4        BY: REEMA EL-AMAMY, AUSA
          -and- MICHAEL DORE, AUSA
 5        312 North Spring Street
          Twelfth Floor
 6        Los Angeles, CA  90012

 7   FOR DEFENDANT RIVERA:

 8        ANGEL NAVARRO LAW OFFICE
          BY:  ANGEL NAVARRO
 9        714 West Olympic Boulevard
          Suite 450
10        Los Angeles, CA  90015

11   FOR DEFENDANT MEDINA:

12        JOSEPH F. WALSH LAW OFFICES
          BY:  JOSEPH F. WALSH
13        205 South Broadway
          Suite 606
14        Los Angeles, CA  90012

15   FOR DEFENDANT PRIETO:

16        CEPHAS LAW FIRM
          BY:  DANA CEPHAS
17        72960 Fred Waring Drive
          Palm Desert, CA  92260
18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1        LOS ANGELES, CALIFORNIA; MONDAY, OCTOBER 17, 2012

 2                        11:13 A.M.

 3                        - - - -

 4

 5

 6        THE CLERK:  Calling Item 2, CR 10-351, United

 7   States of America versus Barajas, et al.

 8             Counsel, may I have your appearances, please.

 9        MS. EL-AMAMY:  Morning, your Honor.  Reema

10   El-Amamy and Michael Dore on behalf of the United States.

11        THE COURT:  Ms. El-Amamy and Mr. Dore.

12        MR. NAVARRO:  Morning, your Honor.  Angel Navarro

13   on behalf of Carlos Rivera who is not present.

14        MR. CEPHAS:  Dana Cephas for Raul Prieto who is

15   not present.

16        MR. WALSH:  Joseph Walsh for Jessica Medina.  She

17   is on bond, and she is present.

18        THE COURT:  Mr. Walsh, Mr. Cephas.  Okay.  What we

19   are going to do today is just talk about scheduling, and,

20   really, it is simply a matter of comparing calendars.

21   And what I would propose that we do is have this

22   discussion off the record until such time as we have

23   reached some sort of an agreement with respect to when

24   Group B is going to go to trial, then we will put that on

25   the record.
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1           Now, if anyone has any objection to that, we
 2   can have all of our discussions on the record.
 3           MS. EL-AMAMY:  No objection.
 4           MR. NAVARRO:  No objection.
 5           MR. CEPHAS:  No objection.
 6       (Discussion held off the record.)
 7       THE COURT:  Okay.  Back on the record.  We have
 8   had some discussion with respect to a number of things
 9   including trial scheduling and the scheduling of certain
10   pretrial activities, and we have reached the following
11   conclusion:
12           Primarily, I guess the moving factor here in
13   terms of setting the trial is the Speedy Trial Act.  So
14   we are advised that we will be receiving a stipulation
15   excluding time through November 27, and November 27 will
16   be the date set for this matter to proceed to trial,
17   9:00 a.m. this courtroom.
18           Motions in limine will be filed with the court
19   by Friday, the close of business on Friday.  Let's make
20   it 3:00 p.m. on Friday, November the 9th.  We will have a
21   hearing on the motions in limine on November 13 at
22   2:30 p.m.  I don't want more than five motions in limine
23   per side.  That is government and defense.  And you will
24   meet and confer in an effort to obviate the necessity to
25   have a hearing on these motions in limine.
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1              I understand from the government that the

 2   government will continue to work on obtaining

 3   stipulations regarding certain facts to perhaps avoid the

 4   need to have either witnesses appear at all or certainly

 5   witnesses to testify regarding certain facts so that we

 6   can move this case along as quickly as possible.

 7              With respect to the issue of peremptory

 8   challenges, the government will have 10 peremptory

 9   challenges.  Each defendant, each of the three defendants

10   will be able to exercise five peremptory challenges, and

11   we have already spoken off the record with respect to the

12   attorney's participation in the voir dire and probably

13   changes in the court hours from normal business hours.

14              Was there anything else that we discussed and

15   decided?

16         MS. EL-AMAMY:  No.

17         THE COURT:  Mr. Dore, Ms. El-Amamy?

18         MS. EL-AMAMY:  No, your Honor.

19         THE COURT:  Mr. Walsh, Mr. Cephas, Mr. Navarro?

20   Okay.

21              Any questions?

22         MR. CEPHAS:  I had a question, but it may be for

23   the government.  I wanted to know whether they would make

24   certain Ontario Police Department officers available

25   without subpoena.
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1          THE COURT:  If they were FBI agents, that would be

 2   one thing, but anyway, all right.  I will leave it to you

 3   all to work out some of these logistical issues.  I do

 4   want, of course, just as a matter of courtesy, I want --

 5   it will apply initially to the government, please let

 6   defense counsel know 24 hours in advance the names of the

 7   witnesses that you intend to call.

 8          MS. EL-AMAMY:  Yes, your Honor.

 9          THE COURT:  It will certainly streamline

10   cross-examination.  There will be less fumbling around,

11   et cetera.  So things will move a lot more smoothly.

12   What I wanted to let everyone know if I didn't already,

13   if there are issues with respect to exhibits,

14   admissibility of exhibits, I would like to know about

15   that when we are doing our motions in limine because

16   otherwise I want you all to stipulate to the

17   admissibility of the exhibits.

18              Whether or not I will let them in, that is

19   another issue for the time of trial.  But I want you all

20   hopefully to stipulate in advance that these are all

21   authentic, you know, exhibits, and, hopefully, there will

22   be the requisite foundation, you know, to permit these

23   things to be introduced because I want you all to be able

24   during your opening statements to publish them to the

25   jury.
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1      I want you at any time you are examining a

2   witness, without going through all the formalities, to

3   simply publish the exhibits and begin asking questions

4   about them.  Trust me.  This is a much better way to go

5   as opposed to you trying to remember before you rest

6   whether or not you have moved them into evidence because

7   if we are going to do it by the book, I will exclude them

8   if you forget.  Make no mistake about it, I will exclude

9   them.  But if we agree in advance that all of these

10  things are admissible subject to me keeping them out

11  because of, I don't know, whatever, they are too

12  inflammatory or more prejudicial than probative or just

13  simply irrelevant, if you will agree among yourselves

14  that these things can come in, I will permit you to refer

15  to them and publish them immediately at any time during

16  the presentation of your case including your opening

17  statements.  Okay.

18      So let's talk about that during our motions in

19  limine as well.  Okay.  Mr. Cephas.

20      MR. CEPHAS:  Your Honor, there had been an ex

21  parte application a few months ago about grand jury

22  transcripts.

23      THE COURT:  I saw an order.

24      MR. CEPHAS:  We thought it was for the grand jury

25  transcripts for this indictment.  They produced grand

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    jury transcripts for years ago for another investigation,

2    and so we still haven't received any grand jury

3    transcripts for this indictment.  And those are the ones

4    that frankly we want.  I could care less about 2003 grand

5    jury transcripts.  I want the ones for the 2010

6    indictment.

7         THE COURT:  Now, I understand that, and I don't

8    pretend to understand everything that happened in this

9    case, but I understand that this matter was -- hope I'm

10   not thinking of different case, but I understand that

11   this matter was presented to a grand jury who did not

12   return an indictment.  Then it was presented to another

13   grand jury who did.  Is that this case or not?

14        MS. EL-AMAMY:  There were two different

15   investigations -- one that was started by the FBI several

16   years ago.  There were some witnesses that we may call at

17   trial who testified before a grand jury, and those

18   transcripts were produced.  At this time, no witness that

19   will be testifying at trial testified before the grand

20   jury.

21        MR. CEPHAS:  We plan on crossing whether it is by

22   cross or calling them, agents who testified at the grand

23   jury.  And so I would like those transcripts for the

24   officers or agents who testified before the grand jury in

25   this case.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1          MR. DORE:  Your Honor, may I just interject

 2     something.  I don't believe the Jencks Act applies if the

 3     defense calls the witness.  So any witness that the

 4     government intends to call in its case in chief to which

 5     Jencks applies, 18 United States Code, 3500, we have

 6     produced and will produce any statements that we have of

 7     them.  If the defense decides on their own to call a

 8     witness, that does not obligate the government to produce

 9     otherwize secret grand jury transcripts.

10          MR. CEPHAS:  Your Honor, could we at a minimum get

11     an order that the government identify the agents and

12     officers who testified at the grand jury?

13          MS. EL-AMAMY:  Your Honor, I believe that is also

14     secret under Rule 6(e).

15          THE COURT:  I don't see how we get inside that

16     room, and I think you appreciate that; right?

17          MR. CEPHAS:  Actually, your Honor, I don't

18     appreciate it because -- well, your Honor, in state court

19     where I believe you were a state court judge.

20          THE COURT:  For a hot minute.

21          MR. CEPHAS:  I think transcripts are routinely

22     provided 30 days before trial at a minimum.

23          THE COURT:  Why are we talking about that?

24          MR. CEPHAS:  Well, it is my notion that a fair

25     trial, a trial shouldn't be more fair in state court than
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1   it is in federal court, but, in some ways it is.  And

2   that is why I am telling you I don't appreciate it

3   because I believe the federal system should be the

4   fairest trial in the land not the state system.  That is

5   the only reason I brought it up because you said that I

6   would appreciate it and frankly I don't.

7           THE COURT:  Interesting discussion for another

8   day, but, for whatever reason, what goes on in that room

9   except under certain limited circumstances remains fairly

10  sacrosanct.  So I am not going to order the production of

11  the transcripts of grand jury examinations and testimony

12  with respect to that grand jury which returned this

13  indictment, and I can't imagine that what happened before

14  grand jury in any other case would even be relevant, but

15  it certainly will remain secret.  So I guess my bottom

16  line answer to your request is no.

17          MR. CEPHAS:  And, your Honor, with respect to the

18  exhibits?

19          THE COURT:  Yes.

20          MR. CEPHAS:  Then, will those be produced by the

21  government by the 9th, the same date as the motion in

22  limine?

23          THE COURT:  I would hope.  I would like them

24  produced earlier than that so that you have an

25  opportunity to conduct some sort of a reasonable

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1   examination of them and make an informed decision as to

2   whether or not you feel in a position to stipulate to

3   their admissibility.

4       MR. DORE:  Your Honor, the government obviously

5   will make every effort to provide the defense with every

6   exhibit it intends to use.  If the court intends to make

7   that a deadline requirement, we just ask for some

8   clarification because obviously if something comes up

9   after, the defense would claim that this came after the

10  date and shouldn't be admitted.  We will certainly try to

11  do it, but if the court is not inclined to make it a

12  deadline, then I just would like clarification of that.

13      THE COURT:  I haven't had a chance to go off about

14  all of that.  You can't believe how unimpressed I am with

15  those kinds of arguments.  Well, the court said this and

16  therefore anything produced after that goes out the

17  window.  No.

18          I know you all have got an awful lot to do

19  now, and I am not trying to make anymore work.  I am

20  hopeful that this would eliminate some work and make

21  things easier for all of you.  These aren't new

22  documents.  These are documents which are part of the

23  production, I have to assume.  And I would also assume

24  that most of you probably already know in advance what

25  these documents are.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1        MS. EL-AMAMY:  Right.  What we have been doing is
 2   we have been sending out exhibit lists on a rolling basis
 3   and have done at least two or three iterations of that.
 4   What might make sense is to also do an exhibit list with,
 5   I guess, a notebook or series of notebooks so they can
 6   actually view the exhibits with those lists.
 7        THE COURT:  Okay.  But let's keep something in
 8   mind.  The government's obligation to make all of these
 9   disclosures, everything that could possibly be Brady
10   material, et cetera, but that is separate and distinct
11   from what you need to put on your case.  And that is just
12   a notebook.
13            Okay.  And that is what counsel need to see.
14   They need to see what you in good faith believe you are
15   going to be using as a trial exhibit.  And that has got
16   to be a much smaller segment of the total universe of the
17   documents.  So I am hoping that it is not a big deal.
18   But here is the deal.  All of you, if you start
19   visualizing a problem, please let us know.  Come on
20   downstairs and we will take care of defense counsel via
21   the phone, and we will resolve problems as they come up
22   particularly if you believe that you are getting in a
23   time crunch and not going to be able to do everything
24   that you need to do by a certain date.
25            But in order to give you an answer so you can
```

1   put something on your calendar, would you make every

2   conceivable effort to provide defense counsel at least

3   with an identification of your proposed trial exhibits by

4   the 7th of November?  Now, that, I understand that that

5   is right around the corner.  If this is going to be a

6   problem, let us know.  And we will convene a -- in fact,

7   you can all appear on the telephone if you want, but we

8   will get together and work it out.  Okay.

9        Everybody good?

10       MS. EL-AMAMY:  Thank you, your Honor.

11       THE COURT:  All right.  Thank you all.

12       MR. NAVARRO:  Thank you, your Honor.

13       (Proceedings concluded.)

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28,

United States Code, the foregoing is a true and correct

transcript of the stenographically reported proceedings held

in the above-entitled matter and that the transcript page

format is in conformance with the regulations of the

Judicial Conference of the United States.

Date:  August 2, 2013


 /s/ Katie Thibodeaux, CSR No. 9858, RPR, CRR

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA